**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROGER PLANO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 24-cv-01768 |
| v. | ) | |
| | ) | Judge Joan H. Lefkow |
| UNITED AUTO WORKERS, LOCAL 890 | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## OPINION AND ORDER

Roger Plano brings this suit under the Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 401, *et seq.* alleging that United Auto Workers, Local 890 ("UAW") violated his statutory rights by failing to disclose a conflict of interest and submitting an incorrect report, resulting in his firing.[1] UAW moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the complaint fails to state a claim, the claim is time-barred, and the claim is precluded by a prior settlement with the National Labor Relations Board ("NLRB"). For the reasons set forth below, the court grants UAW's motion and dismisses the complaint.

## BACKGROUND[2]

Roger Plano began working for Xylem, Inc. ("Xylem") in February 2015 as a warehouse attendant operating a forklift. Plano was a member in good standing of UAW, whose primary business location is in Niles, Illinois. In May 2020, Plano was elected as one of six union

---

[1] Jurisdiction is proper under 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. §§ 1391(b) and 1391(c).

[2] The court only includes allegations that are relevant to defendant's motion to dismiss. Plano's well-pleaded allegations are accepted as true. *Chaidez* v. *Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019).

committeemen at Xylem. As a committeeman, Plano reported to Joe Hornsberger, the Bargaining Chairman of UAW.

On September 14, 2022, Plano began his regular shift at Xylem. That morning, Plano greeted his co-worker, Brandon Felfe, who greeted him in return. Plano then asked Felfe how he was doing, to which Felfe did not respond. Plano repeated himself, but Felfe again did not respond. Later that day, Hornsberger informed Plano that Felfe intended to file a complaint with Xylem's Human Resources ("HR") department, alleging that Plano had threatened him. Plano denied the allegation, stating he merely said, "good morning" to Felfe. (Dkt. 1 ¶ 33.)

On October 4, 2022, while using a forklift during his shift, Plano observed that Felfe left his forklift unattended in the aisle, partially obstructing Plano's path. Plano honked his horn to alert Felfe to move his forklift. At that moment, Felfe was speaking with the team lead, Felicia McCarrol; both ran toward Plano after hearing the honking. As Plano continued working, he heard Felfe and McCarrol "yelling and screaming." (Dkt. 1 ¶ 39.) "[S]o as not to escalate the situation," Plano approached supervisor Jennifer Zhang to explain the situation and request that she instruct Felfe to park his forklift to the side of the aisle to avoid obstructing others. (Dkt. 1 ¶¶ 40–42.) Zhang agreed to speak with Felfe.

McCarrol and Felfe then approached Plano and Zhang, and McCarrol stated she was going to HR, because she was "tired of [Plano] causing problems." (Dkt. 1 ¶¶ 44–45.) Later, Plano encountered Felfe in the warehouse. Felfe threatened to beat Plano and warned him to stay out of his way or face consequences outside of work. Plano responded that he had simply requested Felfe to move his forklift aside, in reply to which Felfe laughed, cursed, and threatened to "teach [Plano] a lesson." (Dkt. 1 ¶¶ 50–51.) Ten minutes later, Hornsberger called Plano and

instructed him to report to HR. Hornsberger informed Plano that Felfe had accused him of making a threat and that Felfe and McCarrol were contacting the police.

Plano met with HR employee Vanessa Sonan. From the HR office, Plano observed Felfe and McCarrol outside speaking with local law enforcement. Also present were Hornsberger, the plant manager, and the union president. Sonan instructed Plano to remain in the HR office while she joined the group outside. Ten minutes later, Sonan escorted Plano outside, where he gave a statement to the police. Following the investigation, the officer concluded that no crime had been committed and that the matter was a company issue. Plano, Felfe, and McCarrol were all placed on paid leave pending an internal company investigation. Between October 5 and October 10, Plano spoke with Hornsberger daily. Hornsberger told Plano he was doing everything he could to defend Plano, but "there was a conflict of interest," because Plano and Felfe were both union members, and "he couldn't take sides." (Dkt. 1 ¶ 63–64.)

On October 5th, Hornsberger submitted a written account to Xylem, reporting that Plano admitted to threatening Felfe on September 14th, despite Plano telling Hornsberger that Felfe made the threats. On October 10, Hornsberger informed Plano that Plano was being terminated by Xylem for threatening Felfe. Felfe and McCarrol were not terminated.

At Plano's request, Hornsberger filed a grievance on his behalf on October 10, 2022. Hornsberger conducted the step-three grievance meeting alone, without the participation of the union committee. He subsequently withdrew the grievance, claiming the process had been exhausted and that pursuing arbitration would create a conflict of interest for the union. Following his termination, Plano filed an unfair labor practice charge with the NLRB against UAW and Xylem. The NLRB found that UAW had engaged in unfair labor practices, resulting in a settlement agreement.

**LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests whether the complaint states a claim on which relief may be granted." *Richards* v. *Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff must establish that the requested relief is plausible on its face. *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level …."). The court accepts as true the complaint's well-pleaded allegations and draws all reasonable inferences in the plaintiff's favor. *Chaidez*, 937 F.3d at 1004.

**ANALYSIS[3]**

Plano brings his claim under Title I of the LMRDA, which establishes a "Bill of Rights of Members of Labor Organizations." 29 U.S.C. § 411. Title I of the LMRDA "developed from legislation that was 'aimed at enlarged protection for members of unions paralleling certain rights guaranteed by the Federal Constitution.'" *Marshall* v. *Loc. 701 Int'l Bhd. of Elec. Workers*, 387 F. App'x 623, 627 (7th Cir. 2010) (quoting *Finnegan* v. *Leu*, 456 U.S. 431, 435 (1982)). The rights the LMRDA guarantees "empower[ ] [union members] to protect their own interests in the context of an intra-union dispute." *Clift* v. *Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. (UAW)*, 881 F.2d 408, 412 (7th Cir. 1989). The LMRDA sections relevant to this claim are § 411(a)(1), guaranteeing equal rights to all union members;

---

[3] In addition to arguing that Plano fails to state a claim under the LMRDA, UAW moves to dismiss any claim that Plano might bring under the Labor Management Relations Act ("LMRA"). UAW argues that if Plano were to amend his complaint and assert a breach of the Union's duty of fair representation under § 301 of the LMRA, his claims would be time-barred by § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), which imposes a six-month statute of limitations for unfair labor practices. UAW also argues that a potential § 301 claim would be precluded by *res judicata* because of Plano's prior settlement with the NLRB. (Dkt. 19 at 6–7.) In Plano's response, he explicitly disavows a claim under § 301 of the LMRA. (Dkt. 21 at 1.) As a result, the arguments concerning § 301 are moot, and the court does not address them.

§ 411(a)(2), guaranteeing freedom of speech and assembly; and § 412, providing a civil right of action. 29 U.S.C. § 411, 412. Plano asserts that UAW violated his rights under Title I of the LMRDA when UAW, having a conflict of interest, misrepresented facts to Xylem, which then fired Plano.

## I. Section 411(a)(1)

To state a claim under § 411(a)(1), which guarantees certain equal rights to union members,[4] "a union member must allege a denial of rights accorded to other members." *Talbot* v. *Robert Matthews Distrib. Co.*, 961 F.2d 654, 666 (7th Cir. 1992). These rights are limited to the right to engage in union-wide voting processes and meetings. *See Id.*; *and see Calhoon* v. *Harvey*, 379 U.S. 134, 139 (1964) ("Plainly, [§ 411(a)(1)] is no more than a command that members and classes of members shall not be discriminated against in their right to nominate and vote.").

UAW argues that § 411(a)(1) of the LMRDA does not apply to Plano's claim, because "The LMRDA enforces equal rights and protections for union members with respect to *internal union processes.* It does not address representational matters with respect to … union-employer relations." (Dkt. 19 at 5.) Because Plano's complaint relates to a union-employer interaction (Xylem firing Plano), UAW contends that "Plaintiff has attempted to sue the Union under the wrong federal statute." *Id.*

Plano alleges that "defendant denied him full and equal rights of membership, because defendant misrepresented material facts … and under a conflict of interest, so as to deprive plaintiff, a union member, of equal rights in violation of section[ ] 411(a)(1)." (Dkt. 1 ¶ 3.) Plano

---

[4] "Every member of a labor organization shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and bylaws." 29 U.S.C. § 411(a)(1).

does not explain how the UAW's alleged misrepresentation and conflict of interest in reporting Plano's workplace conflict to Xylem relates to Plano's § 411(a)(1) rights to vote in union elections or participate in union meetings. Moreover, Plano's allegation that Xylem fired him but not his colleagues Felfe and McCarrol does not show that *the union* denied Plano rights that were accorded to other members. And the LMRDA does not include a right to be treated equally by an employer, as the Act pertains to intra-union relations. *See Clift*, 881 F.2d at 412. Because § 411(a)(1) is limited to a union member's equal rights to engage in union voting and meetings, and Plano does not make allegations related to such rights, he fails to state a claim under § 411(a)(1).

## II.    Section 411(a)(2)

Section 411(a)(2) of the LMRDA protects union members' rights to free speech and assembly within the union.[5] To determine whether a plaintiff states a claim under § 411(a)(2), courts must judge the alleged violation "by reference to the LMRDA's basic objective: 'to ensure that unions [are] democratically governed, and responsive to the will of the union membership as expressed in open, periodic elections.'" *Sheet Metal Workers' Int'l Ass'n*, v. *Lynn*, 488 U.S. 347, 354 (1989) (quoting *Finnegan,* 456 U.S. at 441).

Claims brought under § 411(a)(2) typically allege that a union member was punished for exercising the right to freedom of speech or assembly. *See, e.g.*, *Sheet Metal Workers*, 488 U.S. at 354–55. As the Seventh Circuit explained in *Marshall*, "A union member may sue when his § 101(a)(2)[6] free speech rights have been infringed. One type of infringement is when a member

---

[5] "Every member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the labor organization his views, upon candidates in an election of the labor organization or upon any business properly before the meeting, subject to the organization's established and reasonable rules pertaining to the conduct of meetings[.]" 29 U.S.C. § 411(a)(2).

[6] Section 101(a)(2) is codified as 29 U.S.C. § 411(a)(2). The court cites the codified statutes in this opinion.

faces retaliation because he exercised his speech rights." 387 F. App'x at 627 (citation omitted). To bring a claim for this type of infringement, "the member must establish: (1) he engaged in protected expression, (2) he was subjected to an adverse action reasonably likely to deter future expression, and (3) that action was caused by the protected expression." *Id.* at 627–28.

UAW argues that Plano's § 411(a)(2) claim must fail because he does not allege that he engaged in any protected expression under Title I of the LMRDA or that the union disciplined him for his protected expression. Plano alleges that his rights under § 411 were "restrained" and "coerced," because UAW misrepresented facts and had a conflict of interest (dkt. 1 ¶ 82) and that § 529 of the LMRDA bars unions from disciplining members for exercising their LMRDA rights.

Plano describes conversations and meetings with colleagues, supervisors, and his union representative. But he does not show that his § 411(a)(2) rights to free speech and assembly were restrained or coerced. He does not allege that he engaged in any protected expression. He cites no authority showing that a misrepresentation to an employer or conflict of interest in union representation violates, restrains, or coerces free speech or free association rights under the LMRDA. He does not even clearly allege that the union disciplined him under § 529. Instead, he simply asserts that "the LMRDA protects democratic processes within the union, [and] it's hard to imagine a more undemocratic process than the one we're faced with here," before going on to reiterate his displeasure with Hornsberger's handling of the incident between Plano and Felfe. (Dkt. 21 at 3.)

Because Plano does not plead facts showing that he engaged in speech or assembly protected by the LMRDA or that he experienced any adverse action related to speech or assembly protected by the LMRDA, he fails to state a claim under § 411(a)(2).

7

## **CONCLUSION AND ORDER**

For the foregoing reasons, UAW's motion to dismiss (dkt. 19) is granted. Because Plano has no viable path forward, the case is dismissed with prejudice.


Date: September 26, 2025

_____
U.S. District Judge Joan H. Lefkow